Cheyes, J.,
(dissenting,) gave the following opinion :
In this case, the writ was returnable to November, 1812, and the plaintiff took no steps from that time, till this motion was made, which was in April, 1814; eighteen mouths had elapsed, and the case was completely out of Court. This was a motion in Court, for leave to enter up judgment of nonsuit.
The books distinguish clearly between judgment by non-pros, and judgment of nonsuit. Judgment of non-pros, is signed in all cases of default,on the part of the plaintiff, before the clerk out of Court; judgment of nonsuit, on the contrary, is only after issue joined, and only granted in open Court, (vide 1 Sellon, under the appropriate titles.) This case, therefore, is not one in which judgment of nonsuit ought to be granted. But this distinction is of little moment, except for the proper understanding of the subject, which is always material, for the Court could easily meet the object, by ordering the clerk to suffer the defendant to sign judgment of non-pros. But the real question is, whether, any step in the cause can be taken, after it is entirely out of court; if six months after the case has been out of Court, why not twenty years ? I know no distinction. The plaintiff can take no steps. Can the defendant be in Court, and the plaintiff not ? If judgment of non-pros, or nonsuit be granted, must not the defendant be in Court as a suitor, and pray the judgment 1 Has any authority been produced, or can any be produced, to show that judgment of non-pros. *or nonsuit can be granted, long after the cause is out of Court ? The basis of all pleading, is the parties being in Court, and when we every day treat it as essential, I can discover no satisfactory reason for disregarding it in this ease. It is not necessary to give the defendant a remedy for his costs. He had an ample one before the case went out of Court, and if he neglected it, it was his own fault.
But, it may be said, these difficulties are merely technical. Be it so ; and are we to declare, from the bench, that technical learning is to be disregarded. Technical forms are, often, the sinews of judicial justice. For myself, I know not how to be unteehnical on a subject which is purely technical; and I cannot but regard frequent departures from ésta *26 blished rules of practice, for which, there is no necessity, as innovations, and not as improvements..,
Hooker and Pearson, for the motion. Crenshaw, contra.
I am against the motioh. I think the nonsuit was properly refused by the District Court, because I think the parties • had been long out of Court.[1]
Bat, J., concurred.

 See 2 Sp. 507.